UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MORRIS J. PERRY, SR., | ) | CASE NO. 4:07 CV 0932 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN T.R. SNIEZEK, et al., | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| | ) | |
| Respondents. | ) | |

On March 29, 2007, pro se petitioner Morris J. Perry, Sr.[1] filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 against respondent T.R. Sniezek, Warden at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton") and the United States of America. Mr. Perry asserts, inter alia, that this court lacked the requisite subject matter and personal jurisdiction to convict him of any crime.

*Background*

A grand jury indicted Mr. Perry in the United States District Court for the Northern District of Ohio on February 15, 1995. The six count indictment charged him with

violating 21 U.S.C. § 841(a)(1), (b)(1)(B), 18 U.S.C. § 924(a), (c)(1) and 18 U.S.C. 922(g)(1). United States v. Perry, No. 4:95cr0067,(N.D. Ohio filed Feb. 15, 1995). The judge assigned to the matter, Judge Ann Aldrich, recused herself from the case on March 6,1995, the matter was randomly assigned to Judge Kathleen M. O'Malley. During his arraignment before Magistrate Judge James S. Gallas on February 22, 1995, Mr. Perry entered a plea of not guilty to all counts of the indictment.

Mr. Perry's attorney filed A Motion to Dismiss Defendant from Indictment for selective prosecution and a Motion to Dismiss Indictment for lack of jurisdiction on September 14, 1995. The court held a hearing on January 31, 1996 regarding these motions, as well as other pending motions filed on behalf of Mr. Perry.[2] The court denied the motion to dismiss in an Order dated July 19, 1996. The United States then moved to dismiss Count 2 of the indictment, which the court granted by marginal entry on November 12, 1996.

Jury selection for Mr. Perry's trial commenced on December 3, 1996. Six days later, the jury returned a verdict finding him guilty on Counts 1, 4, 5 and 6.[3] Some time thereafter, petitioner filed a nunc pro tunc motion for extension of time to file a motion for a new trial. The court denied the motion on February 19, 1997.

On May 6, 1997, Mr. Perry filed a motion challenging the district court's jurisdiction, which Judge Kathleen O'Malley denied on the same date. Judge O'Malley also held a sentencing hearing on that date. As a result, Mr. Perry was committed to the Bureau of Prisons (BOP) for 140 months on Counts 1, 4 and 6 and 60 months on Count 5 to run consecutively to his sentence on Counts 1, 4, and 6. The court imposed a four year term of supervised release. Judge O'Malley granted Mr. Perry's oral motion to proceed pro se on

appeal, despite her offer to appoint counsel. He filed a Notice of Appeal on May 9, 1997.[4]

Before the court of appeals reached its decision, Mr. Perry filed a motion for a new trial on February 6, 1998. The Sixth Circuit Court of Appeals affirmed the district court's judgment on January 15, 1999. Shortly thereafter, Judge O'Malley denied Mr. Perry's motion for a new trial on January 19, 1999. He appealed that order on February 1, 1999. He also filed a petition for writ of mandamus on March 5, 1999.

The Supreme Court issued a notice on August 25, 1999 advising that Mr. Perry filed a petition for writ of certiorari. The Court denied the petition on October 26, 1999.

Mr. Perry filed his first motion to vacate sentence pursuant to 28 U.S.C. § 2255 on January 7, 2000. Six days later, the Sixth Circuit affirmed the district court's judgment regarding petitioner's February 1, 1999 appeal. On April 28, 2000, Judge O'Malley issued a Memorandum of Opinion denying petitioner's motion to vacate sentence. On May 12, 2000, Mr. Perry appealed Judge O'Malley's denial of his motion to vacate.[5]

A third petition for writ of mandamus was filed with the Sixth Circuit by Mr. Perry on June 5, 2000. In the interim, the Sixth Circuit denied his certificate of appealability on August 25, 2000. One month later, the appeals court denied the petition for writ of mandamus. The Supreme Court issued another notice advising that Mr. Perry filed a petition for writ of certiorari on December 26, 2000. The Court denied the petition on March 5, 2001.

Mr. Perry filed another motion for a new trial on October 25, 2001, as well as two additional notices of appeal on November 8, 2001 and December 14, 2001. The motion for a new trial and both appeals were denied.

*Analysis*

Throughout his petition before this court, Mr. Perry attacks the legality of his sentence. He also identifies himself as Morris Perry, Jr. and Morris Perry, Sr. in this and other pleadings, and claims that this court must make a legal determination of whether it was Morris Perry, Jr. or Morris Perry, Sr. Perry who was tried, convicted, sentenced. He asserts that the court has failed to address whether it had subject matter and personal jurisdiction to indict him, Morris J. Perry, Sr. "[W]ithout having ascertained in open court, and entered into the court's record any proof or evidence of my identity, age, birthdate [sic], Social Security Number, address and ascertaining that the court records failed to show an initial appearance, arraignment, plea of guilty or not guilty, reading of whatever charges I was accused of, to or for me, Morris J. Perry, Sr?" (Pet., "Questions Presented," at A.).

## 28 U.S.C. §2241

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

Thus, a federal prisoner may not challenge his conviction and sentence under §

2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255 (last clause in fifth paragraph, the "savings clause"); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999); Capaldi, 135 F.3d at 1123.

Mr. Perry previously filed three § 2255 motions.[6] See Perry v. United States, No. 4:00cv0064 (N.D. Ohio filed Jan. 7, 2000); Perry v. United States, No. 4:00cv2530 (N.D. Ohio filed Oct. 4, 2000); United States v. Perry, No. 4:95cr0067 (N.D. Ohio filed Mar. 2, 2005). However, he does not allege that his remedy is inadequate or ineffective to test the legality of his sentence. As a matter of law, a prisoner's remedy under § 2255 is not considered inadequate or ineffective merely because the prisoner is time-barred or otherwise procedurally barred from seeking relief under § 2255, because the prisoner has already filed one motion to vacate, or because the prisoner has been denied permission to file a second or successive motion to vacate. United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001). Furthermore, unlike other prisoners who have obtained review of their viable actual innocence claims under § 2241 because they did not have a prior opportunity to present their claims, see, e.g., In re Davenport, 147 F.3d 605, 609, 611 (7th Cir.1998), Mr. Perry had the opportunity to raise his claim in a § 2255 motion to vacate and did so.[7] Consequently, there is no basis in law for this court's subject matter jurisdiction over petitioner's claim pursuant to § 2241.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243. The court certifies that an appeal from this decision could not be taken in good faith.[8]

IT IS SO ORDERED.

*/s/ Donald C. Nugent 5/24/07*
DONALD C. NUGENT

[1] In every action filed in this court on behalf of Morris Perry, Jr. or Morris Perry, Sr. the inmate number has consistently been the same: "35623-060."

[2] He signed a Speedy Trial waiver on March 27, 1996.

[3] Count 3 of the indictment was dismissed during trial.

[4] On September 2, 1997, the court appointed Attorney Shawn P. Martin to represent Mr. Perry on appeal.

[5] During the pendency of the Motion to Vacate, petitioner filed another petition for writ of mandamus on April 17, 2000. The Court of Appeals dismissed the petition on May 15, 2000.

[6] He also filed four other § 2241 motions under the § 2255 savings clause, which were dismissed for lack of jurisdiction. Perry v. LaManna, No. 4:01cv0555 (N.D. Ohio filed Mar. 8, 2001); Perry v. Morrison, No. 1:02cv2413 (N.D. Ohio filed Dec. 10, 2002); Perry v. Sniezak, No. 4:05cv2180 (N.D. Ohio filed Sep. 15, 2005); Perry v. Sniezek, No. 1:05cv2308 (N.D. Ohio filed Sep. 29, 2005).

[7] Courts have added that the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997), Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. See In re Davenport, 147 F.3d 605, 608 (7th Cir.1998).

[8] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."